```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Wachovia Bank, National Association,
as Administrative Agent,

                 Plaintiff,

         -against-

Focus Kyle Group, LLC, John A. Ritter, KB
Home Nevada Inc., KB Home, Lennar
Communities Nevada, LLC, Lennar
Corporation, Meritage Homes of Nevada, Inc.,
Meritage Homes Corporation, PN II, Inc., Pulte
Homes, Inc., Ryland Homes Nevada, LLC, The
Ryland Group, Inc., Coleman-Toll Limited
Partnership, and Toll Brothers, Inc.,

                Defendants.

No. 08 Civ. 8681 (LTS)(GWG)
ECF Case

STIPULATED
CONFIDENTIALITY ORDER

Plaintiff Wachovia Bank, National Association, as Administrative Agent ("Wachovia")

and Defendants Focus Kyle Group, LLC ("Focus"); John A. Ritter ("Ritter"); KB Home Nevada

Inc. ("KB Nevada"); KB Home ("KB"); Lennar Communities Nevada, LLC ("Lennar Nevada");

Lennar Corporation ("Lennar"); Meritage Homes of Nevada, Inc. ("Meritage Nevada");

Meritage Homes Corporation ("Meritage"); PN II, Inc. ("PN II"); Pulte Homes, Inc. ("Pulte");

Ryland Homes Nevada, LLC ("Ryland Nevada"); The Ryland Group, Inc. ("Ryland"); Coleman-

Toll Limited Partnership ("Coleman-Toll"); and Toll Brothers, Inc. ("Toll Brothers")

(collectively, the "Parties"), through their respective counsel, respectfully request the entry of

this Stipulated Confidentiality Order ("Order") to govern the treatment of proprietary and

sensitive information produced by the Parties in this action.  The Parties request entry of this

Order to allow for the disclosure of such information, including the production of documents

Dallas 282305v1

containing such information, while maintaining the confidentiality of such documents and information.

IT APPEARING TO THE COURT that the entry of this Order is consistent with the Federal Rules of Civil Procedure and the Local Rules of this Court; that all Parties currently appearing in the case have consented to the entry of this Order; and that "good cause" has been shown;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      This Order shall govern the handling and treatment of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the Parties to this captioned action (the "Action"), and any non-parties producing information pursuant to a subpoena or court order, in connection with discovery or production of documents in the Action (such information hereinafter referred to as "Discovery Material"), whether furnished before or after the date of this Order, and also shall govern the filing of certain information under seal and certain other matters in connection with the Action.

2.      "Confidential Information" shall include but not be limited to all non-public information or matter related to: financial or business plans or projections, trade secrets, compensation plans, proprietary technical information and specifications, business and marketing information, plans, practices, and strategies, studies or analyses by internal or outside experts, financial data or results, tax data, assets and liabilities, competitive analyses, personnel, personal financial information, or other commercially or personally sensitive or proprietary information or other information required by law or by the party's agreements or policies to be kept confidential. Notwithstanding the foregoing, Confidential Information shall not mean

information or documents produced or disclosed that are or become, without violating this Order, and apart from production or disclosure in connection with the Action, a matter of public record or publicly available by law or otherwise.

3. Any of the Parties (and, as applicable, non-parties) may designate any Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order only if such Party in good faith believes that such Discovery Material contains Confidential Information that requires the protections provided in this Order. The Party (or, if applicable, non-party) designating Discovery Material as Confidential or Highly Confidential shall be referred to for purposes of this Order as the "Designating Party" and/or the "Producing Party." The Party receiving Confidential or Highly Confidential Discovery Material shall be referred to for purposes of this Order as the "Receiving Party." Discovery Material may be designated as "Highly Confidential" only if the Designating Party in good faith believes that such Discovery Material constitutes extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or other highly confidential business, technical, personal or strategic information, the disclosure of which would be likely to cause injury to the commercial, personal, financial or business interests of the Designating Party (other than injury to the Designating Party's position in the Action) that would not exist in the absence of such disclosure.

4. All Discovery Material, whether or not filed with the Court, that contains or makes reference to Confidential Information for which the Designating Party seeks protection under this Order shall be designated as Confidential or Highly Confidential as follows:

a. In the case of documents (whether hard copy or electronic) or other tangible Discovery Material (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential or

Highly Confidential Discovery Material, respectively, except that in the case of multi-page documents bound together by staple or other permanent binding, the word Confidential or Highly Confidential need only be stamped on the first page of the document for the entire document to be treated as Confidential or Highly Confidential Discovery Material, respectively. However, the failure to designate a document as Confidential or Highly Confidential does not constitute a waiver of such a claim, and a Producing Party may so subsequently designate a document within a reasonable time after that document has been produced pursuant to Paragraph 6, with the effect that the document is subject to the protections of this Order from the time it is designated Confidential or Highly Confidential. In the case of multi-page documents bound together by staple or other permanent binding, where Confidential or Highly Confidential is only stamped on the first page, inadvertent disclosure of any page not marked Confidential or Highly Confidential is non-sanctionable. If Confidential or Highly Confidential Discovery Material has been disclosed by the Receiving Party prior to the designation of such, the Receiving Party shall notify the Designating Party and shall also make a good faith effort to have the Confidential or Highly Confidential Discovery material returned or request that the material disclosed be destroyed and written confirmation be provided from the recipient of such confirming the destruction of such materials. If such good faith effort does not result in the return or destruction of the materials, the Receiving Party shall also notify the designating party of the name of the person(s) or entity(ies) to whom the Confidential or Highly Confidential Discovery Material has been disclosed and describe the efforts made to have it returned or destroyed.

    b.  In the case of depositions or other pretrial testimony or documents submitted as exhibits to depositions, by (i) a statement on the record, by counsel, that certain information or testimony is Confidential or Highly Confidential, or (ii) written notice, sent by

counsel to all Parties within fifteen business days of the receipt of the transcript, stating that the entire deposition transcript or testimony or documents submitted as exhibits, or part thereof, is so designated. All depositions and other pretrial testimony will be deemed to be Highly Confidential until the expiration of the fifteenth business day after counsel receives a copy of the transcript thereof. Only those portions of the transcripts or testimony or documents submitted as exhibits designated as Confidential or Highly Confidential in the Action will be deemed Confidential or Highly Confidential Discovery Material, respectively. The Parties may modify this procedure for any particular deposition through an agreement on the record at that deposition without further order of the Court.

        c.      In the case of documents produced in native file format, or that cannot be designated as set forth in Paragraph 4(a), by designating such materials in writing and by affixing a confidentiality designation on the medium containing such documents.

        d.      In the case of information incorporated in answers to interrogatories or responses to requests for admission, by placing the appropriate confidentiality designation in the caption of the document and on each answer or response that contains Confidential Information.

        e.      In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential or Highly Confidential Discovery Material.

        5.      Any documents or electronically stored information (including physical objects) made available to counsel for the Receiving Party for initial inspection prior to the production of the selected items will initially be considered, as a whole, to constitute Highly Confidential information and to be subject to this Order. Thereafter, the Producing Party shall have a reasonable time to review the documents and shall assign appropriate confidentiality designations to any Confidential Information prior to furnishing copies to the receiving party.

6.      Inadvertent failure to designate (or properly designate) Discovery Material as Confidential or Highly Confidential shall not constitute a waiver of such claim and may be corrected by supplemental written notice designating such Discovery Material as Confidential or Highly Confidential and, in the case of documents or other tangible discovery material, by re-production of such material properly stamped or labeled in a manner consistent with Paragraph 4 hereof.  The Party receiving such supplemental written notice shall thereafter treat materials so designated as Confidential or Highly Confidential, as the case may be, and such materials shall be fully subject to this Order as if they had been initially so designated.  A Receiving Party who discloses Discovery Material that is subsequently designated as Confidential or Highly Confidential shall in good faith attempt to retrieve such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Order and shall prevent further disclosures except as authorized by the terms of this Order.

7.      Except as may otherwise be agreed in writing by the Designating Party or as may otherwise be ordered by the Court, all Discovery Material marked or otherwise identified as Confidential or Highly Confidential and received by any of the Parties to the Action, or by any other person receiving information pursuant to this Order, (i) shall be disclosed only to such persons and in such manner as set forth in this Order; (ii) shall be used solely for the purposes of discovery preparation for and trial and other proceedings in the Action or any subsequent appeal; and (iii) shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

8.      Any Discovery Material designated as Confidential and/or any information derived therefrom may be disclosed or made available by the Receiving Party only to the following persons:

a.      The Parties to the Action (including partners, directors, officers, and employees of Parties who are assisting the Parties in the Action or who appear as witnesses);

b.      Outside and inside counsel to the Parties, members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as graphics design, jury consultants, translators and interpreters) assisting in the conduct of the Action;

c.      Subject to Paragraph 11 hereof, deposition or trial witnesses and their counsel, during the course of or to the extent necessary for, preparation for depositions or testimony in the Action, but such deposition or trial witnesses may not thereafter retain any Confidential Discovery Material.

d.      Subject to Paragraph 10 hereof, outside experts and consultants retained by the Parties; provided, however, that (i) prior to receiving any Discovery Material designated as "Confidential," such outside experts and consultants become qualified to receive such materials and information in accordance with the procedures in Paragraph 10, and (ii) the receipt of such Discovery Material designated as "Confidential" is necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action;

e.      The Court and any of its staff and administrative personnel, and Court reporters, videographers, or stenographers employed to transcribe or record the testimony at a deposition or trial, and any other essential personnel retained by the Court; and

f.      Any other person only upon order of the Court or upon stipulation of the Designating Party.

9.      Any  Discovery  Material  designated  as  Highly  Confidential  and/or  any information derived therefrom may be disclosed or made available by the Receiving Party only to the following persons:

a.      Outside counsel to the Parties who have entered appearances in the Action (either as counsel of record or of counsel), members of their firms, associate attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees, and service vendors of such counsel (including outside copying services and outside litigation support services such as graphics design, jury consultants, translators and interpreters);

b.      Subject to Paragraph 11 hereof, for each Party, up to five people consisting of (i) outside lawyers for the Party who have not entered an appearance in the Action who are actively engaged in assisting outside counsel who has appeared with respect to this litigation, and/or (ii) in-house lawyers (including contract attorneys) who are actively engaged in assisting outside counsel with respect to this litigation, and non-lawyer contractors and staff assigned to the Party's legal department.  The disclosure to any person pursuant to this subpart must be reasonably necessary to assist in the preparation for trial and/or trial and such persons must become qualified to receive such materials and information in accordance with the procedures in Paragraph 11 before receiving such information; a Party may substitute a person under this provision for good cause , including to replace a person who is no longer employed by, advising, or working on behalf of the Party, by notifying the opposing party in writing of the previously designated person's withdrawal from the case and by following the procedures in Paragraph 11 to designate the substitute person; any person withdrawn under this provision shall not have further access to any Confidential Information of the Producing Party, shall not further

assist with or participate in the case in any manner, and shall continue to be bound by this Order with respect to the Confidential Material previously provided to him or her;

    c.  Subject to paragraph 10 hereof, outside experts and consultants retained by the Parties; provided, however, that (i) prior to receiving any Discovery Material designated as Highly Confidential, such expert or consultant becomes qualified to receive such materials and information in accordance with the procedures in Paragraph 10, and (ii) the receipt of such Discovery Material designated as Highly Confidential is necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action;

    d.  Subject to Paragraph 11 hereof, any witness, if that person is (i) a person indicated on the face of the document as the author, addressee or copy recipient of the document, or (ii) is employed by the entity indicated on the face of the document to be the author of the document.

    e.  The Court and any of its staff and administrative personnel, and Court reporters, videographers, or stenographers employed to transcribe or record the testimony at a deposition or trial, and any other essential personnel retained by the Court; and

    f.  Any other person only upon order of the Court or upon stipulation of the Designating Party.

    10.  Prior to disclosure of any Confidential Information, including Discovery Material designated as Confidential or Highly Confidential, to any outside expert or consultant described in Paragraphs 8(d) or 9(c), outside counsel for the Receiving Party shall first provide such person with a copy of this Order and such person must execute the undertaking attached hereto as **Exhibit A**, evidencing such person's agreement to be bound by the terms and conditions of this

Order. Any identification of any non-testifying consultant pursuant to this paragraph does not waive or detract from any work product protection, or any other protection contemplated by law or this Court's Local Rules, that would otherwise apply.

11.     Every person given access to Confidential or Highly Confidential Discovery Material, or information contained therein, must be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be used or disclosed other than pursuant to the terms thereof. All persons listed in Paragraphs 8(c), 9(b), or 9(d) above who are given access to Confidential or Highly Confidential Discovery Material, or information contained therein, must confirm their understanding and agreement to abide by the terms of this Order by signing a copy of **Exhibit A** attached hereto or by orally confirming their understanding and agreement to abide by this Order on the record at a deposition or hearing in this matter. Alternatively, if the witness will not sign a copy of **Exhibit A**, the party desiring to question the witness with Confidential or Highly Confidential Discovery Material may seek from a court with jurisdiction over the witness an order requiring the witness to abide by the terms of this Order, and upon obtaining that order may give the witness access to Confidential or Highly Confidential Discovery Material, as appropriate, in connection with the testimony.

12.     Discovery Material that has been designated as "Confidential" or "Highly Confidential" pursuant to the provisions of this Order and that is filed with the Court shall be filed under seal in accordance with the provisions of this Court's ECF Rule 6.

13.     If information subject to a claim of attorney-client privilege, attorney work product, or any other ground on which production of that information should not be made to any party is inadvertently produced to the Receiving Party, that production will in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or

other ground for withholding production to which the Producing Party would otherwise be entitled. If a claim of inadvertent production is made, pursuant to this paragraph, with respect to information then in the custody of the Receiving Party, the Receiving Party must promptly return to the claiming party the material as to which the claim of inadvertent production has been made (or, at the Receiving Party's option, destroy such material and certify the same), and the Receiving Party may not use the information for any purpose until further order of the Court. The Producing Party must promptly list the inadvertently produced information on a privilege log. The Receiving Party may move the Court for an order compelling production of the material, but that motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production. In addition, production by a Party of information subject to such a claim of attorney-client privilege or attorney work product will not constitute a waiver of or estoppel as to any such claim as to any other information, related or otherwise.

14.     During the pendency of the Action, any Party objecting to the designation of any Discovery Material as Confidential or Highly Confidential may, after making a good-faith effort to resolve any such objection, move for an order vacating the designation. While the application is pending, the Discovery Material in question must be treated as Confidential or Highly Confidential Discovery Material, as it was designated, pursuant to this Order. On any such motion, the burden shall be on the Designating Party to establish good cause for the designation of the Discovery Material as Confidential or Highly Confidential, as the case may be.

15.     Nothing in this Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, from relying in a general way upon his or her examination of Discovery Materials designated as Confidential or Highly Confidential provided, however, that in rendering such advice and in otherwise communicating

with his or her clients, such counsel shall not disclose the contents of any Discovery Materials designated as Confidential or Highly Confidential to any person not authorized under the Order to receive such materials.

16. This Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information, including Discovery Material designated as Confidential or Highly Confidential, for any purpose. Nothing herein (i) shall prevent a Receiving Party from disclosing Confidential or Highly Confidential Discovery Material to officers, directors, employees, agents, or advisors, including investment bankers and accountants, of the Designating Party; (ii) shall impose any restrictions on the use or disclosure by a Receiving Party of documents, materials, or information designated Confidential or Highly Confidential by a Producing Party if such documents, materials, or information was both lawfully obtained by and lawfully retained in the possession of such Receiving Party independently of the discovery proceedings in the Action.

17. In the event additional persons or entities become parties to the Action, none of such parties' counsel, or experts or consultants retained to assist said counsel, shall have access to Confidential Information produced by or obtained from any other producing person until said party has executed and filed with the Court its agreement to be bound by this Order.

18. The provisions of this Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of the Action, including without limitation any subsequent appeals, except with respect to those documents and information that become a matter of public record. Confidential Information does not lose its status as Confidential Information solely because it is used in a court proceeding in the Action, or any appeal therefrom. However, any Confidential Information that is

introduced into evidence or otherwise used at trial becomes a matter of public record, absent an order from the Court to the contrary.

19. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Order following termination of this litigation. Any person receiving Confidential Information under the terms of this Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

20. Upon written request of the Producing Party, which must be made within ninety (90) days after the entry of an order, judgment, or decree finally disposing of the Action, including without limitation any appeals therefrom, all persons having received Confidential or Highly Confidential Discovery Material must either make a good-faith effort to return that material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or destroy all the Confidential or Highly Confidential Discovery Material and certify the same. Counsel for the Parties are entitled to retain court papers, deposition and trial transcripts, exhibits, and attorney work product (including Confidential and Highly Confidential Discovery Material), but those counsel, and employees of those counsel, may not disclose Confidential or Highly Confidential Discovery Material to any person except pursuant to a court order or an agreement with the Producing Party.

21. In addition, at the conclusion of the Action, the Party receiving the written request made pursuant to Paragraph 20 must, if any of the sealed information was designated as Confidential or Highly Confidential by another Party or nonparty, promptly (and no later than five business days from receipt of the notice) provide that notice to the Producing Party.

22.     If the Receiving Party is subpoenaed in any other action or proceeding or is served with a document demand, and the subpoena or document demand seeks Discovery Material that was produced or designated as Confidential or Highly Confidential by someone other than the Receiving Party, the Receiving Party must give prompt written notice within five business days of receipt of the subpoena or document demand to the Designating Party to give the Designating Party the opportunity to object to the production of the Confidential or Highly Confidential Discovery Material on the grounds of the existence of this Order.  If, within five business days of receiving such notice, the Designating Party gives notice to the Receiving Party that the Designating Party opposes production of its Confidential or Highly Confidential Discovery Material, the Receiving Party shall not thereafter produce such Discovery Material except pursuant to a court order requiring compliance with the subpoena or document demand. The burden of opposing the enforcement of the subpoena or document demand will fall on the Designating Party.  Compliance by the Receiving Party with any order directing production pursuant to the subpoena or document demand of any Confidential or Highly Confidential Discovery Material will not constitute a violation of this Order.

23.     Each Party reserves the right to move the Court to revoke or modify the terms of this Order in the event that the Party believes that it is necessary.  In the event such an application is made, all persons described therein shall be bound by the terms of this Order unless and until it is modified by the Court.  This Order is also subject to revocation or modification by written agreement of the Parties (or, as applicable, the Parties and non-parties).

24.     Draft reports, notes, and outlines of draft reports of outside experts and consultants retained by the Parties (collectively, "Experts") are not subject to discovery in this case.  For the avoidance of doubt, discovery from Experts shall be limited only to an Expert's

report and those materials, facts, consulting expert opinions, and other matters actually relied upon by the Experts in forming his or her final report, trial or deposition testimony, or any opinion in this case. No discovery can be taken from any consulting expert who does not testify, except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony or any opinion in this case.

      25.     No conversations or communications between an Expert and a member of his or her staff or between counsel and any Expert or a member of his or her staff will be subject to discovery unless the conversations or communications are relied upon by such Experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including email) and other information exempt from discovery under the foregoing paragraphs shall be treated as attorney work product for the purposes of this Action and Order. Notwithstanding anything contained herein to the contrary, however, nothing contained in this Order is intended, nor should be construed to waive, alter or impair the requirements for the Parties to make the disclosures provided in Fed.R.Civ. P. 26(a)(2).

Dated: ~~October~~ *November* 13, 2009

ROSNER NOCERA RAGONE, LLP

_____

*Attorneys for Plaintiff Wachovia Bank, N.A. as Administrative Agent*

110 Wall Street 23rd Floor
New York, New York 10005
(212) 635-2244

MCKOOL SMITH P.C.

_____

*Attorneys for Defendants KB Home Nevada Inc., KB Home, Lennar Communities Nevada, LLC, Lennar Corporation, Meritage Homes of Nevada, Inc., Meritage Homes Corporation, PN II, Inc., Pulte Homes, Inc., Ryland Homes Nevada, LLC, The Ryland Group, Inc., Coleman-Toll Limited Partnership, and Toll Brothers, Inc.*

One Bryant Park 47th Floor
New York, New York 10036
(212) 402-9405

MARKOWITZ & CHATTORAJ LLP

_____

*Attorneys for Defendants Focus Kyle Group, LLC and John A. Ritter*

Markowitz & Chattoraj LLP
271 Madison Avenue 20th Floor
New York, NY 10016
(212) 481-1220

SO ORDERED this _____ day of October, 2009.

_____

16

November 2,
Dated: ~~October~~ __, 2009                    ROSNER NOCERA RAGONE, LLP

                                               _Pietro Ragone_
                                               *Attorneys for Plaintiff Wachovia Bank, N.A. as*
                                               *Administrative Agent*

                                               110 Wall Street 23rd Floor
                                               New York, New York 10005
                                               (212) 635-2244

                                               MCKOOL SMITH P.C.


                                               _____
                                               *Attorneys for Defendants KB Home Nevada*
                                               *Inc., KB Home, Lennar Communities Nevada,*
                                               *LLC, Lennar Corporation, Meritage Homes of*
                                               *Nevada, Inc., Meritage Homes Corporation,*
                                               *PN II, Inc., Pulte Homes, Inc., Ryland Homes*
                                               *Nevada, LLC, The Ryland Group, Inc.,*
                                               *Coleman-Toll Limited Partnership, and Toll*
                                               *Brothers, Inc.*

                                               One Bryant Park 47th Floor
                                               New York, New York 10036
                                               (212) 402-9405

                                               MARKOWITZ & CHATTORAJ LLP


                                               _____
                                               *Attorneys for Defendants Focus Kyle Group,*
                                               *LLC and John A. Ritter*

                                               Markowitz & Chattoraj LLP
                                               271 Madison Avenue 20th Floor
                                               New York, NY 10016
                                               (212) 481-1220


SO ORDERED this 19th day of ~~October~~ November, 2009.


                                               _____
                                               **Gabriel W. Gorenstein**
                                               **United States Magistrate Judge**
                                               **Southern District of New York**

Dallas 282305v1

17

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wachovia Bank, National Association, as Administrative Agent, | No. 08 Civ. 8681 (LTS)(GWG) ECF Case |
| Plaintiff, | |
| -against- | UNDERTAKING RELATED TO STIPULATED CONFIDENTIALITY ORDER |
| Focus Kyle Group, LLC, John A. Ritter, KB Home Nevada Inc., KB Home, Lennar Communities Nevada, LLC, Lennar Corporation, Mertiage Homes of Nevada, Inc., Meritage Homes Corporation, PN II, Inc., Pulte Homes, Inc., Ryland Homes Nevada, LLC, The Ryland Group, Inc., Coleman-Toll Limited Partnership, and Toll Brothers, Inc., | |
| Defendants. | |

I, _____, hereby declare, under the penalties of perjury, that:

1.    My present address is _____.

2.    My present employer is _____ and the address of my present

employer is _____.

3.    I have received a copy of the Stipulated Confidentiality Order ("Order") in the

above-captioned action, and I have carefully read and understand the terms thereof. I understand

that I am bound by the terms of the Order and, if I violate the terms thereof, I may be subject to

sanctions or other punishment by the Court. I understand that my execution of this Undertaking

is a prerequisite to my receipt of any documents or information designated as "Confidential" of

"Highly Confidential" under the Order.

4.      Except as permitted by the Order, I will hold in the strictest confidence and will not disclose to anyone any "Confidential" and/or "Highly Confidential" documents or information, or any copies, excerpts, summaries, abstracts or indices thereof, and will use such documents and information only for purposes of assisting in, preparing for testimony or formulating opinions in this case and for no other purpose.

5.      I will maintain all "Confidential" and/or "Highly Confidential" documents or information which I may receive, as well as any copies, excerpts, summaries, abstracts or indices thereof, in a secure and safe area and will exercise at least the same standard of due and proper care with respect to the storage, custody, use and dissemination of such information as I exercise with respect to my own confidential information. After I am notified that this action has been finally terminated, I will promptly return all such documents or information to the attorney from whom I received such documents or information.

6.      I hereby submit to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of the order.

Signed under the penalty of perjury of the laws of the United States of America.

Date:_____          _____