UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────────────
                                                    :
WACHOVIA BANK, NATIONAL                             :
   ASSOCIATION, as Administrative Agent,            :
                                                    :
                    Plaintiff,                      : MEMORANDUM AND ORDER
                                                    : 08 Civ. 8681 (LTS) (GWG)
          -v.-                                      :
                                                    :
FOCUS KYLE GROUP, LLC, et al.,                      :
                                                    :
                    Defendants.                     :
───────────────────────────────────────────────:

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Wachovia Bank, National Association ("Wachovia") has moved to disqualify attorney I. Scott Bogatz from representing two defendants (collectively, the "Focus Defendants") on the ground that Bogatz played a significant role in the events surrounding the formation and alleged breach of the contracts underlying this action (Docket # 93). The motion had previously been withdrawn (Docket # 105), but was recently reinstated (Docket # 111).

      In support of its motion, Wachovia points to New York's rule that, except under circumstances that are unnecessary to address here, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, Rule 3.7. Case law makes clear that "[t]he disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72–73 (2d Cir. 1990) (citations omitted). This authority derives from a court's "inherent power to preserve the integrity of the adversary process." Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citations and internal quotation marks omitted). In exercising this power, courts "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." Id. (citation and internal quotation marks omitted). In considering motions for disqualification, a court utilizes a "restrained approach that focuses primarily on preserving the integrity of the trial process." Armstrong v. McAlpin, 625 F.2d 433, 444 (2d Cir. 1980), rev'd on other grounds, 449 U.S. 1106 (1981); accord Gormin v. Hubregsen, 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009). Because disqualification motions interfere with a party's right to the counsel of its choice and are often made for tactical reasons, they are viewed with disfavor, A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 160 F. Supp. 2d 657, 662–63 (S.D.N.Y. 2001), and the party seeking disqualification must meet a "heavy burden of proof in order to prevail," Gormin, 2009 WL 508269, at *2 (citation omitted). Disqualification is only warranted if "an attorney's conduct tends to taint the underlying trial." Board of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979) (citation and internal quotation marks omitted); accord Ritchie v. Gano, 2008 WL

4178152, at *3 (S.D.N.Y. Sept. 8, 2008).

Wachovia has not provided evidence sufficient to justify the relief requested. While Wachovia contends that Bogatz will necessarily serve as a witness in this case, the evidence Wachovia cites does not support an inference that Bogatz has any unique knowledge regarding significant facts that will be presented at trial. For purposes of considering a disqualification motion, the Court's inquiry does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony. See, e.g., Transcon. Constr. Servs., Ltd. v. McDonough, Marcus, Cohn & Tretter, P.C., 216 A.D.2d 19, 19 (1st Dep't 1995) (denying motion to disqualify where "[d]efendant did not meet its burden of demonstrating either that the attorney was a necessary witness for plaintiff, or that defendant would call the attorney and that the attorney would testify adversely to plaintiff's interests"); see also Purgess v. Sharrock, 33 F.3d 134, 144 (2d Cir. 1994) ("Disqualification may be required only when it is likely that the testimony to be given by [counsel] is necessary.") (quoting S & S Hotel Ventures Ltd. P'ship v. 77 S.H. Corp., 69 N.Y.2d 437, 445–46 (1987)); Fenn & Fenn, Inc. v. MacQueen, 1989 WL 58041, at *8 (S.D.N.Y. May 19, 1989) ("[N]o disqualification should occur until it is apparent the attorney's testimony is itself admissible and necessary.").

Here, there is uncontradicted evidence that Bogatz is just one of many persons with personal knowledge of material facts in this case. See Declaration of Thomas J. Devore, filed Sept. 19, 2011 (Docket # 99), ¶ 9; Declaration of I. Scott Bogatz, filed Sept. 19, 2011 ("Bogatz Decl.") (Docket # 98), ¶ 16. Indeed, for each subject about which the Focus Defendants informed Wachovia that Bogatz likely had discoverable information, the Focus Defendants also identified five other persons as likely possessing discoverable information on those same subjects. See Initial Disclosures of Defendants Focus Kyle Group, LLC and John A. Ritter, dated Mar. 13, 2009 (annexed as Ex. D to Bogatz Decl.), at 2–3. Wachovia has provided no basis for this Court to believe that whatever testimony Bogatz can provide would be anything other than cumulative of testimony available from another person. See Ello v. Singh, 2006 WL 2270871, at *6 (S.D.N.Y. Aug. 6, 2006) (denying disqualification motion where moving party "utterly failed to demonstrate with sufficient specificity what non-cumulative testimony from [the attorneys in question] is necessary").

If at some future time there is evidence that Bogatz's testimony will in fact be necessary at trial and that other circumstances justifying disqualification exist, Wachovia has leave to make a new application. See, e.g., id. at *7 n.10 (denying motion to disqualify attorney, but allowing movant to renew motion if circumstances warranting disqualification arose).

The Court retains some concerns that Bogatz should not be questioning witnesses at a deposition where the questions concern his own interactions with the witness. The Court is not prepared to bar this practice outright, as the concern may lessen where the witness is sophisticated and/or the interaction relates to an insubstantial point. Nonetheless, at least 5 business days before a deposition is scheduled to take place at which such questioning may occur, Bogatz must inform plaintiff so that it may make an application with respect to such deposition if necessary.

In conclusion, Wachovia's motion to disqualify Bogatz is denied.

SO ORDERED.

Dated: October 9, 2012
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge